UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREGORY L. SIMPSON,

    Plaintiff,

v.                                      Case No. 3:18-cv-547-J-39PDB

J.L. GUESS et al.,

    Defendants.
_____

**ORDER**

    Plaintiff Gregory L. Simpson, an inmate of the Florida penal system, is proceeding in this action on an Amended Complaint (Doc. 10; Complaint) under 42 U.S.C. § 1983. Plaintiff names as Defendants six corrections officers at Columbia Correctional Institution (CCI), whom he sues in their individual and official capacities. Complaint at 2-3. Plaintiff alleges Defendants used excessive force against him in violation of the Eighth Amendment on April 21, 2016. Id. at 6. Plaintiff seeks compensatory damages for his physical and emotional injuries. Id.

    Before the Court are Defendants Guess and Minshew's Motion to Dismiss (Doc. 32; Guess Motion) and Defendants Bennett, Johnson, Roach, and Wynne's Motion to Dismiss (Doc. 40; Bennett Motion). Plaintiff has responded to the motions (Doc. 36; Response to Guess Motion) (Doc. 56; Response to Bennett Motion). As such, they are ripe for this Court's review.

In their motions, Defendants seek dismissal of the official-capacity claims against them for damages, invoking Eleventh Amendment immunity. See Guess Motion at 3; Bennett Motion at 3. Defendants seek no other relief.

In response, Plaintiff fails to address Eleventh Amendment immunity. Rather, Plaintiff responds to the motions as if they were motions for summary judgment. Plaintiff asserts the exhibits he provides (Docs. 37-1 through 37-6) demonstrate a genuine issue of material fact exists as to his excessive force claims against Defendants. See Response to Guess Motion at 2; Response to Bennett Motion at 1.

Plaintiff's assertions and evidentiary support are misplaced at this time. Defendants move, under Federal Rule of Civil Procedure 12, to dismiss Plaintiff's official-capacity claims for damages; they do not move to dismiss Plaintiff's Eighth Amendment claims, nor do they move for summary judgment under Federal Rule of Civil Procedure 56. In ruling on a motion to dismiss, the court limits it review to the allegations in a complaint, accepting those allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When a plaintiff sues a state actor in his official capacity, "the action is in essence one for the recovery of money from the state." Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986). As such, "the state is the real, substantial party in interest and

is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." Id. (finding the Secretary of the Florida Department of Corrections was immune from suit in his official capacity). To the extent Plaintiff seeks compensatory damages from Defendants Guess, Minshew, Bennett, Johnson, Roach, and Wynne in their official capacities, they are entitled to Eleventh Amendment immunity.

Accordingly, it is now

**ORDERED**:

1. Defendants Guess and Minshew's Motion to Dismiss (Doc. 32) is **GRANTED**.

2. Defendants Bennett, Johnson, Roach, and Wynne's Motion to Dismiss (Doc. 40) is **GRANTED**.

3. Plaintiff's claims for compensatory damages from Defendants in their official capacities are **dismissed**.

4. Defendants shall answer the Amended Complaint (Doc. 10) within **twenty days** of the date of this Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of July, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6 7/24
c: Gregory L. Simpson
 Counsel of Record