UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREGORY L. SIMPSON,

    Plaintiff,

v.                            Case No. 3:18-cv-547-J-39PDB

J.L. GUESS et al.,

    Defendants.

_____

**ORDER**

The plaintiff, a prisoner proceeding pro se, sues six correctional officers for alleged use of excessive force, contending that, on April 21, 2016, he was beaten unconscious while in handcuffs and leg restraints following an order by defendant Bennett. Doc. 10.

The defendants deny many allegations and raise fifteen defenses, including that they acted reasonably and the plaintiff cannot establish that they acted with a sufficiently culpable state of mind. Doc. 58.

Before the Court is the plaintiff's motion to compel, Doc. 66, the plaintiff's motion for an extension of time to respond to the defendants' motion for summary judgment, Doc. 76, the plaintiff's request to strike a declaration of defense counsel, Doc. 71, and the defendants' request for sanctions up to dismissal of this action, Doc. 67. The requests are improper under Local Rule 3.01 because they are made within a response or reply. The Court denies them for that reason but also addresses their merits.

**Motion to Compel and Motion for an Extension of Time**

The plaintiff moves to compel the production of records of discipline against the defendants. Doc. 66. The defendants respond Bennett, Guess, and Wynn have no records of discipline, and Johnson, Minshew, and Roach have no records of discipline for use of excessive force on an inmate. Docs. 67, 68, 68-1. For Roach, defense counsel provides a declaration in which he states he reviewed Roach's records and found none about discipline for use of excessive force on an inmate and would so testify in court. Doc. 68-1. Defense counsel argues records of discipline for anything other use of excessive force on an inmate are irrelevant to the claims and defenses and not proportional to the needs of the case. Doc. 67 at 9.

To establish a claim for unconstitutional use of excessive force on an inmate, a plaintiff must show the defendant acted with a malicious and sadistic purpose to inflict harm. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Contrary to the defendants' argument, records of discipline are relevant even if the discipline was for something other than

use of excessive force on an inmate. For example, discipline for use of force shy of excessive on an inmate, for retaliation against an inmate, for a violation of prison protocol, for fabrication of evidence, for lying in a report, for harassing an inmate, for use of cruel and unusual punishment on an inmate by means other than use of excessive force, and for beating a colleague could relate to state of mind or veracity. In responding to the discovery request, the defendants made no objection about proportionality, instead focusing on relevancy, inadmissibility under Federal Rule of Evidence 404(b), and confidentiality and now provide no analysis about proportionality using the pertinent factors. See generally Doc. 67 at 9.

The Court **grants** the motion to compel, Doc. 66, in part, limiting the request to a reasonable time period and allowing the defendants to redact private or privileged information, such as birthdates. By **April 10, 2020**, defendants Johnson, Minshew, and Roach must provide records of discipline against them, with private or privileged information redacted, for the five-year period preceding April 21, 2016.

Because the Court would have sua sponte extended the time for the plaintiff to respond to the defendants' motion for summary judgment in light of the timing of this discovery, the Court **grants** the plaintiff's motion for an extension of time, Doc. 76, without awaiting a response by the defendants. The plaintiff must respond to the defendants' motion for summary judgment by **April 30, 2020**.

**Request to Strike**

Within a "reply," the plaintiff asks the Court to strike defense counsel's declaration about records for Roach, observing defense counsel is not a certified records custodian, contending

3

the plaintiff should not have to accept defense counsel's word on what the records contain, and arguing defense counsel cannot set himself up as a witness at trial on records of discipline or lack thereof. Doc. 71.

The Court **denies** the request. Accepting a lawyer's representation that his client has no responsive documents is commonplace in civil litigation absent evidence of misrepresentation beyond conjecture. Matters about discovery collection and review will not be part of the trial as matters merely collateral to the claims tried before the jury. There is no risk defense counsel will be called to testify at trial.

**Request for Sanctions**

The plaintiff declares under penalty of perjury he tried to confer with defense counsel about the motion to compel by letter dated December 18, 2019, but received no response. Doc. 66 at 2. He includes a copy of the letter. Doc. 66-2. Defense counsel declares under penalty of perjury he received no letter from the plaintiff and saw the letter for the first time when defense counsel received the motion. Doc. 67-1. Melissa St. Clair, a "Stores Consultant," declares under penalty of perjury she reviewed the "legal mail log" for the plaintiff, and the log reflects the plaintiff received two pieces of incoming mail but provided no outgoing mail from December 11 to December 31, 2019. Doc. 67-2.

Defense counsel contends the plaintiff is a liar and a fraudster who has maligned defense counsel's character. Doc. 67 at 7–8. Defense counsel asks the Court to dismiss this action, order the plaintiff to show cause why he should not be barred from filing any more pro se actions in this Court, revoke his in-forma-pauperis

4

status, deny the motion to compel, or order him to pay the reasonable attorney's fees and costs incurred in responding to the motion to compel. Doc. 67 at 5, 8. Defense counsel threatens: "Actions have consequences, and respectfully and with all due deference, if this Court does not sanction the Plaintiff for his abhorrent conduct, then such inaction will have its own consequences."[1] Doc. 67 at 7. Defense counsel further argues that the letter, which describes asserted deficiencies and imposes a deadline for a response, is insufficient to satisfy the requirement to confer with opposing counsel before filing a motion. Doc. 67 at 4–5.

The plaintiff replies he submitted a written request to buy a copy of his outgoing mail log but received no response because the prison logs only incoming mail, not outgoing mail. Doc. 70. He again declares under penalty of perjury he mailed the letter to defense counsel. Docs. 70, 72.

The declarations create material issues of fact on facts immaterial to the merits of the claims and defenses: whether the plaintiff lied when he said he mailed the letter, whether defense counsel lied when he said he never received the letter, whether no one lied because the letter was sent but not received due to inadvertent misplacement or loss at the prison, the post office, or defense counsel's office, and whether defense counsel misled the Court by suggesting the log would reflect outgoing mail. In

---

[1] Defense counsel does not address his own actions. Barring a litigant from filing actions pro se would be reversible error. See Procup v. Strickland, 792 F.2d 1069, 1070 (11th Cir. 1986) (striking district court injunction preventing litigant from filing any case with district court unless submitted by attorney). Objecting to a discovery request on the ground that the evidence would be inadmissible under Federal Rule of Evidence 404(b) is an improper objection. See Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

5

the interest of the just, speedy, and inexpensive resolution of this action, see Fed. R. Civ. P. 1, the Court declines to conduct an evidentiary hearing on these collateral issues or otherwise divert limited resources to trying to resolve them and thus **denies** the defendants' request for sanctions. Doc. 67 at 5–8. But to confront an alleged but unaddressed misrepresentation by a lawyer, the Court directs defense counsel to inform the Court whether any log actually would reflect outgoing mail sent by the plaintiff.[2] The information must be provided by **April 30, 2020.**

Had the letter been sent and received with no response provided, the letter would suffice under Local Rule 3.01(g) under the circumstances, which include the plaintiff's confinement, the plaintiff's inability to readily pick up the telephone and get defense counsel on the line to talk to him about discovery matters, and defense counsel's purported lack of response. Because of similar logistical issues, the defendants have not tried to confer before filing their own motions, see Docs. 26, 62, and the Court has not required them to do so.

**Ordered** in Jacksonville, Florida, on March 20, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

[2] "[L]awyers are essential to the primary governmental function of administering justice, and have historically been officers of the courts." Goldfarb v. Va. State Bar, 421 U.S. 773, 792 (1975) (internal quotation marks omitted). A court has the "responsibility to regulate the conduct of attorneys who practice before it." United States v. Kitchin, 592 F.2d 900, 903 (5th Cir. 1979).

6

c:
Gregory L. Simpson
Counsel of record